IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VALERIE MCCONICO, on behalf of
the Estate of HENRY PEOPLES,
VALERIE MCCONICO,

    PLAINTIFFS,

vs.                                                      CASE NO. CV 10-J-2641-S

OAK TRACE CARE & REHABILITATION,
et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

This matter is before the court on the Notice of Removal (doc. 1) filed by defendant American Health Corporation d/b/a Oak Trace Care & Rehabilitation Center ("Oak Trace"), and defendant Laurence Baird, Jr.'s joinder in that removal (doc. 2). Because this case comes before the court on a notice of removal which includes an allegation of fraudulent joinder, the court must consider whether it has diversity jurisdiction. Defendant Laurence Baird, Jr. ("Baird") is an Alabama resident, as are the plaintiffs. Should the court find it lacks jurisdiction because the parties are not diverse, the court must remand this action.

Having considered the complaint, the amended complaint, the notice of removal, and the extensive state court record, the court finds as follows:

The plaintiff Valerie McConico filed suit in her own name and on behalf of the Estate of Henry Peoples, who was her father. Mr. Peoples, now deceased, was a

resident of defendant Oak Trace from October 19, 2006, until his demise from malnutrition on November 19, 2007. Amended Complaint, ¶ 3; exhibit 1 to First Amended Complaint, submitted as exhibit D to doc. 1. Plaintiffs assert defendants failed to render appropriate care and nutrition to Mr. Peoples. Amended Complaint, ¶ 5. The plaintiffs allege that the failure of care caused Mr. People's death. *Id*., at ¶ 6. The complaint, as amended, sets forth only a cause of action for wrongful death against the two named defendants. Although restated in the amended complaint, the original complaint in this action also alleged a wrongful death claim against defendants Oak Trace and Baird.[1]

Defendant Oak Trace removed this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, asserting that this court has jurisdiction under 28 U.S.C. § 1332. This defendant alleges that the matter in controversy exceeds $75,000.00 and is between citizens of different states.[2]  Notice of Removal, ¶ 4.

---

[1]The court questions whether an amended complaint restating a claim from the original complaint, against the same two named defendants, qualifies as an "other paper" pursuant to 28 U.S.C. § 1446(b), for purposes of removal. However, because the issue of diversity is dispositive, the court does not reach this question.

[2]Given the Eleventh Circuit Court of Appeals' recent examination of the Alabama Wrongful Death Act in the removal context, this court finds that the plaintiffs' claims "more likely than not exceeds the minimum jurisdictional requirement." *Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1066 (11th Cir.2010).

Although defendant Baird is not diverse from the plaintiffs, defendant Oak Trace alleges that Baird is fraudulently joined. Notice of Removal, ¶¶ 8, 11-14.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds*, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The allegations of fraudulent joinder in this action address the first type described above, that being "there is no possibility that the plaintiff[s] can prove a cause of action against the resident ... defendant." *Id*.

The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth,* 428 F.3d 1317, 1325 n. 5 (11th Cir.2005); citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). "In considering possible state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role.'" *Legg v. Wyeth,* 428 F.3d at 1325 n. 5 (citation omitted).

Defendant Oak Trace, as the party removing the action to federal court, has the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "If there is even a possibility that a state court would find that the complaint states a cause of action against any [] resident defendant[], the federal court must find that the joinder was proper and

remand the case to the state court. *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir.2001), citing *Coker v. Amoco Oil*, 709 F.2d 1433, 1440-41 (11th Cir.1983), superceded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989). *See also Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006) (requiring defendant show by clear and convincing evidence that "there is no possibility that the plaintiff can prove a cause of action against the resident defendant").

The court finds that the issue of fraudulent joinder is wholly resolved by consideration of the allegations of the plaintiffs' amended complaint and defendant Baird's answer to the complaint (doc. 5) and affidavit (exhibit F to doc. 1). Defendant Baird states he is the administrator of Oak Trace, is responsible for the day to day operations of the facility, and was administrator when Mr. Peoples was a resident there. Baird affidavit, submitted as exhibit F to Notice of Removal. The complaint alleges that the defendants "failed to monitor, assess, recognize, and/or respond to and /or properly monitor, assess, recognize and/or respond to decedent's nutritional requirements. Complaint, ¶ 5.

Although Baird asserts he had no responsibility for providing direct, hands-on care to Mr. Peoples, this is by no means dispositive of the issue of whether, as administrator, he may share legal liability with his employer for the failure of a

nursing home resident to receive adequate nutrition. See *Legg,* 428 F.3d at 1325 n. 5. Nowhere in his affidavit does Baird suggest he was not responsible for oversight of the nutritionists on his staff. Under Alabama law,

> [t]he determinative issue regarding Defendants' liability is whether they exercised such reasonable care, skill and diligence as other nursing homes would ordinarily exercise under similar circumstances and, if not, whether the alleged breach proximately caused the harm and death at issue. *Keebler v. Winfield Carraway Hospital*, 531 So.2d 841 (Ala. 1988). If Defendants provided reasonable care, they have fulfilled any duty owed to Plaintiff, notwithstanding an unfortunate outcome. *McMickens v. Callahan*, 533 So.2d 579 (Ala.1988). Under the AMLA, for Plaintiff to prevail in an action against a nursing home, Plaintiff must establish by substantial evidence: (1) the appropriate standard of care; (2) a deviation therefrom by Defendants' nursing personnel; and (3) proximate cause between the act or omission constituting the breach and the subsequent death. *Peden v. Ashmore*, 554 So.2d 1010 (Ala.1989).

*Estate of Bradley ex rel. Bradley v. Mariner Health, Inc.,* 315 F.Supp.2d 1190, 1194 (S.D.Ala.2004). *See also Jackson v. Pleasant Grove Health Care Ctr.*, 980 F.2d 692 (11th Cir.1993) (plaintiff must establish the appropriate standard of care; must prove that the nursing home failed to comply with that standard of care; and must prove that the nursing home's failure to comply proximately caused the death). Under the AMLA, a plaintiff establishes proximate cause by demonstrating that an injury or death was probably caused by the defendant's conduct. Ala.Code 1975, § 6-5-549.

    This standard under Alabama law provides ample opportunity to prove an administrator of a nursing home failed in oversight of the nursing home staff, or that

nutritional lapses were the results of policies put in place by such an administrator. The court is by no means suggesting that such possibilities are in fact what occurred in this case. Rather, the court merely notes that such "potential for legal liability" is within the realm of "reasonable, not merely theoretical." *See Legg,* 428 F.3d at 1325 n. 5.

Having considered the foregoing, the court finds that the complaint, as amended states a viable cause of action against defendant Baird, upon which a reasonable likelihood for legal liability exists. "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir.2007).

Having reviewed the allegations set forth in the plaintiff's amended complaint, the court finds that it states a claim upon which relief may be granted against defendant Baird. What a court or jury may ultimately find on the merits of that claim is not a proper consideration by this court at this time. Because the plaintiff has stated a viable claim against defendant Baird under Alabama law, complete diversity between the parties is lacking, leaving this court without jurisdiction over this action.

Having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.

**DONE** and **ORDERED** this the 4th day of October, 2010.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE